to take proof of debts in their respective districts. Notwithstanding the ambiguity contained in the text of the statute, effect should be given to that construction that comports with reason and law. In the present case an important question arises regarding the validity of the lien claimed by the creditor, which must be investigated, and it is hardly possible that the law requires that two officers are necessary for the performance of the duties arising in the case, where it is more practical and less cumbersome that it be performed by one, and he the one specified in the act. In obliging all creditors of the estate of a bankrupt resident in the district in which the proceedings are pending to submit their claims to a register of the district to examine and audit before proof of the same, we have a simple, well regulated system. To adopt the opposite course will entail delays and harrassing inconvenience not only to the creditor but also to the court.

A timely suggestion from the register in the case, not unfrequently saves creditors much trouble and expense, and those officers are directly charged with the duty of examining the charges presented and perform their duties under the eye of the judge. I think that where it is practicable all creditors should be compelled to submit their demands in the court originally before making solemn oath sustaining the same. I think this is intended by the law, and although some doubts may exist regarding the import conveyed in the wording of the section. effect should be given that construction which is most consistent with reason, and which affords a more concise and effective practice in the administration of the law. It is, therefore, my opinion that the law intends proofs of debts shall be made by creditors residing within the judicial district in which the proceedings in bankruptcy are being held, before one of the registers of the court therein, and that commissioners of the circuit court of the United States are not authorized to take such proofs in that district.

HALEY (BAYERQUE v.). See Case No. 1,-135.

HALEY (MAINE v.). See Case No. 8,977.

HALF BARREL, ETC. (UNITED STATES v.). See Case No. 15,280.

## Case No. 5,919.

### Ex parte HALL.

[5 Law Rep. 269.]

Circuit Court, D. Massachusetts. 1842.

BANKRUPTCY — WHERE PROCEEDINGS TO BE INSTITUTED.

1. By the seventh section of the bankrupt act of the United States [Act 1841; 5 Stat. 446], proceedings in bankruptcy may be instituted either in the district where the supposed bankrupt resides, or in which he has his place of business; and when once proceedings in bankruptcy rightfully attach in one district court, all the proceedings, as to the party, must be exclusively had there.

2. In case of partnerships, either partner may be declared a bankrupt in the district, where he resides, or where the partnership is established. But the court first acquiring jurisdiction · has exclusive jurisdiction over all the partners, and all their property, joint and several.

3. Where A., who resided in New Hampshire, was a member of a partnership doing business in Massachusetts, consisting of A. & B., and B. presented his petition to the district court in Massachusetts, in which A. was not joined, praying, that he and the said firm might be decreed bankrupt, it was held, that the court had exclusive jurisdiction over the subject-matter, and ought to decree both partners to be bankrupts: A. having subsequently filed a petition. that he might become a party to the petition of B.

This was the case of a petition by Horace Hall, of Charlestown, in the state of New Hampshire, in which he set forth, that he was, and for many years had been, a partner with James Read, doing business in Boston, under the name and style of James Read and Company. That the said Read, on the seventeenth day of March last, filed his petition in this court, representing ^hat he and the said firm were unable to meet their debts and engagements, and praying that he and they might be decreed to be bankrupts. That the petitioner was not joined as a party by name to the said petition. Wherefore the petitioner now presented his petition, setting forth, that the said firm was insolvent at the time of the said petition by James Read; that the petitioner was also unable to meet his debts and engagements, which he owed as a member of said firm, and in his individual capacity. And he prayed that he might be permitted to become a party to the petition of said Read, and be entitled to the benefit of all the decrees which heretofore had been, or that hereafter might be had therein. The petitioner further represented, that he had previously filed a petition in this court for the same purposes, which was informal and insufficient, wherefore he prayed that all further proceedings thereon might be stayed, and for leave to withdraw the same. Upon this petition it was ordered by the district judge, that the question be adjourned into the circuit court, "whether upon the facts set forth in said petition of Horace Hall, and in the petition of James Read, filed on the seventeenth day March last past, and who has been declared a bankrupt, and in the several decrees in the

case of said Read, the court here may take jurisdiction of said petition of said Horace Hall, and what decree shall be made thereon."

The cause was spoken to by Dehon for the petitioner, no objection being made on the other side.

STORY, Circuit Justice. The main question in this case seems to be, whether the district court of Massachusetts has jurisdiction under the circumstances to decree the petitioner, Hall, to be a bankrupt, and to give him the benefit of the former decrees made upon the petition of his copartner, Read, for the benefit of the bankrupt act. The firm of Read and Company, consisting of Read and Hall as partners, at the time of the bankruptcy of Read, was established in Boston, and there had its sole place of business. Read then was, and now is, an inhabitant of Boston; and Hall then was, and now is, an habitant of Charlestown, New Hampshire. The question, then, is, whether under the bankrupt act of 1841 (chapter 9) Hall can be decreed to be a bankrupt in this district, or the jurisdiction solely attaches to the district court of New Hampshire. The seventh section provides: "That all petitions by any bankrupt for the benefit of this act, and all petitions by a creditor against any bankrupt under this act, and all proceedings in the case to the close thereof, shall be had in the district court within and for the district, in which the person supposed to be a bankrupt shall reside, or have his place of business at the time when such petition is filed, except where otherwise provided in this edict." The fourteenth section provides: "That where two or more persons, who are partners in trade, become insolvent, an order may be made in the manner provided in this act, either on the petition of such partners or any one of them, or on the petition of any creditor of the partners; upon which order all the joint stock and property of the company and also all the separate property of each of the partners shall be taken, excepting such parts thereof as are exempted, and all the creditors of the company and the separate creditors of each partner shall be allowed to prove their respective debts; and the assignees shall keep separate accounts of the joint stock or property of the company and of the separate estate of each member thereof." Then follow some provisions as to adjusting accounts, &c. The section then concludes: "And the certificate of discharge shall be granted or refused to each partner, as the same would or ought to be, if the proceedings had been against him alone under this act; and in all other respects the proceedings against partners shall be conducted in the like manner, as if they had been commenced and prosecuted against one person alone."

Now, taking these two sections together, it appears to me, that under the circumstances, the district court of Massachusetts possesses a clear jurisdiction in the present case; and

that no jurisdiction exists in any other district court to decree Hall to be a bankrupt. The seventh section provides, in the alternative, that the bankrupt may be declared such, either in the district, in which he shall reside, or in which he has his place of business. And when once proceedings have been commenced in either district, it is a necessary consequence that the like proceedings cannot be had in the other; and that the jurisdiction must be exclusive in that court, where the jurisdiction first attached; upon the known rule, that "Qui prior est in tempore potior est in jure," and that, in cases of concurrent jurisdiction, that court must have authority to proceed exclusively, to which jurisdiction has first attached. Any other construction would involve an utter repugnancy in the exercise of jurisdiction; for the orders of the one court, both as to the person and the property, as well as to all other incidents, attaching to the bankruptcy, would be, or might be, in perfect conflict with each other; and it is scarcely possible, that they could all be contemporaneous, or coincident with each other. It appears to me, therefore, that the necessary construction of the statute is, that when once proceedings in bankruptcy have rightfully attached in one district court, all the proceedings, as to the party, must be exclusively had there. In the case of an insolvent partnership, the fourteenth section appears to me manifestly to proceed upon the like grounds. Either partner may be declared a bankrupt in the district where he resides, or where the partnership is established; for a partnership may have a domicil, as well as the individual partners. The section expressly declares, that an insolvent partnership may be declared bankrupt upon the petition of the partners, or any one of them, and that the proceedings against partners shall be conducted in the like manner as against one person alone. The section further provides, what shall be the effect of a decree of bankruptcy upon any such petition, viz., that all the joint stock and all the separate property of each partner shall be taken, and administered by the assignee; and that the certificate may be granted or refused to each partner, in the same manner, as if the proceedings had been against him alone. Now, how is it practicable, in any manner whatsoever, to carry these provisions into effect if the entire jurisdiction does not attach exclusively in the district court, where proceedings are first instituted. It is plain, that in all cases of bankruptcy under the act of 1841, all the property of the bankrupt, in whatever districts it may be situate, passes to the assignee, and is distributable by the court, which has jurisdiction to decree the bankruptcy. In the case of an insolvent partnership, the joint, as well as the separate, property of all the partners, in every district, must pass, and be distributable in the like manner.

In the present case, Read was resident in

the district of Massachussetts, and the partnership also had its sole establishment or domicil in the district of Massachusetts. He applied for the benefit of the act for himself and for the firm; and the insolvency of the firm was expressly averred in his petition, and the prayer was, that the firm might be declared bankrupts, and that he might be deemed to have a certificate of discharge. Now, whatever difficulty there might have been in granting Hall a certificate under the petition, he not having been made by name a party thereto, there can be no doubt, that Read was competent to file the same on his own behalf, and to bind the property of the firm, as well as his own separate property, in and by those proceedings under the same. Hall, now, seeks the benefit of the same proceedings, and petitions to be declared a bankrupt, and to have a certificate of discharge granted to him. If he had originally joined in the petition of bankruptcy, filed by Read, there can be no doubt, I think, that he was by law well entitled so to do, since the firm was established in Boston, athough his own residence was in New Hampshire. What possible difference can it make, that he now seeks the like relief upon his own separate petition, averring his own insolvency, as well as that of the firm? I see no ground to say, that he might not originally have filed a separate petition, if Read had not, in the district of Massachusetts, if the firm was insolvent, as it did its business in Boston. If a person does business in independent establishments in different districts, I cannot perceive any ground in the statute for doubting, that he may be declared a bankrupt in either. But in the present case, the petition of Read was clearly within the competency of the district court of Massachusetts; and if so, then its decree must, upon the very language of the fourteenth section, reach all the joint property, as well as the several property of the partners. The joint effects are first to be applied to the payment of the joint debts, and the separate effects to the separate debts; and the surplus, if any, is then to be applied to the payment of the unsatisfied creditors, either joint or several, as the case may be. Now, how is this to be done, unless all the joint and all the separate effects are brought under the control of the same assignee, and are to be distributed and marshalled by one and the same court? It seems to be utterly impracticable, and against the obvious policy of the statute, to allow separate commissions, in different districts, to act upon the same persons and the same property at the same time. Either we must say, that no person can be a bankrupt within the meaning of the statute, where the partners are insolvent, but are resident in different districts, which I think would be repugnant to the language, as well as to the purposes of the statute; or we must say, that they may all be declared bankrupts in one and the same district, in which proceed-

ings are originally and first properly had by or against one or all of the partners. In short, it seems to me, that the proceedings in every case in bankruptcy are to be treated as an entirety, inseparable and indivisible, as to the persons and property involved therein. If the proceedings in bankruptcy are by or against one or more partners, on account of the insolvency of the firm, the court, thus acquiring jurisdiction over the partner or partners under such proceedings so had, must, from the very necessity of the case exercise exclusive jurisdiction over all the partners; and all their property, joint and several, as incident to the complete operation of such proceedings, must come exclusively under its administration.

We all know, that under a joint commission in bankruptcy, in England, all the joint and several property of the bankrupt partners passes to the assignees and is distributable under the bankruptcy. Ex parte Cook. 2 P. Wms. 500, is directly in point in this matter. In cases of partnership also, where one partner only becomes bankrupt, the other remaining solvent, the rights of the bankrupt partner only become vested in his assignees, leaving to the solvent partner his undivided interest in the partnership. But under our statute, where the partnership itself is insolvent, it seems to me that the whole of the joint property of the firm must, as of course, pass to the assignee, upon the petition of either partner, since the joint creditors are entitled to the whole proceeds, and the separate estate of the petitioning partner also must necessarily pass, as well as that of the other partner, if he also is insolvent. If he is solvent, then the question, as to his separate property. may possibly admit of a different consideration. However, it is unnecessary in the present case, closely to sift this matter, as both partners, Hall as well as Read, are admitted to be insolvent.

Upon the whole, I shall direct it to be certified to the district court upon the question adjourned into this court, that that court may take, and indeed ought to take, jurisdiction of the said petition of the said Horace Hall; and a decree ought to be entered substantially according to the prayer of the said Hall in the same petition, namely: that he be declared a bankrupt, pursuant to the act of congress, that he be entitled to the benefit of all the decrees, which have heretofore been and hereafter may be rendered upon the said petition of the said Read, and all the proceedings that have heretofore or hereafter may be had therein, and that he have leave to discontinue the petition heretofore filed by him on the 28th of April last past, praying to be declared a bankrupt; and that all the proceedings therein be stayed upon the payment of costs. But that nothing contained in this order is to be construed in any wise to impair or alter or annul the rights of any parties under the various decrees and orders heretofore made. and pro-

ceedings had by the district court upon the petition. or in the matter of the said Read in bankruptcy.