D. M. STANTON v. J. M. HUGHES and wife.

*Pleading—Practice—Rescission of Contract—New Trial.*

1. The defendant, in his answer commingles the facts which he relies on both as ground for a rescission of the contract, sued on by plaintiff, and also as constituting a counter-claim; *Held*, 1. That when relied on as ground for rescission of the contract, these facts were deemed to be denied without replication; 2. The Court will not rescind a contract when the parties cannot be restored to the status occupied by them when the contract was made; 3. The right to recover damages for deceit in the sale of land, effected by fraudulent

device and representation, is settled; 4. The defendant could only be entitled to interlocutory judgment and writ of inquiry of damages by the jury. This was not asked in this case, and therefore not passed on. He was not entitled to final judgment in either form.

2. There was no error in setting aside the verdict as against the weight of the evidence; therefore this could not be appealed from.

(Price v. Eccles, 73 N. C., 162; McDowell v. Simms, Busb. Eq., 130; Pettijohn v. Williams, 2 Jones Eq., 302 and 356; same case, 1 Jones, 145, and 2 Jones, 33; cited and approved).

This was a CIVIL ACTION, tried before Clark, Judge, at February Term, 1886, of GUILFORD Superior Court.

The parties to the action on September 1, 1882, entered into a covenant whereby the plaintiff agreed to sell and deliver to the defendants. at the railway station in Greensboro, certain grist and flouring mills then in operation at La Grange, in Lenoir county, with all the fixtures and appurtenances and the material of the building wherein they then were, for the price of $3,050. The defendant covenanted to pay for the same the said sum as follows: the sum of $200 in cash, of which the freight was to be part, the execution of four several bonds, the first for $250, payable at twelve months; the others for $450 each, payable respectively at 2, 3, and 4 years, all bearing interest from date; the conveyance of lands in Guilford of the estimated value of $1,250, and the making of a mortgage deed upon the lot on which the machinery was to be placed, to secure the deferred parts of the purchase money. The goods were delivered early in October and received by defendant, who paid the freight, was allowed some small deductions and gave his note for $28.52, the residue of the $200, and complied with his other stipulations in giving the four bonds, conveying the said lands and making the mortgage to secure the residue of the debt.

No other payments have been made, and the two first bonds having matured, the present action was instituted to recover judgment on them, and to procure a foreclosure and

sale of the mortgaged lot upon which the structure for the mills and machinery had been erected, under a provision in the deed authorizing a sale upon a default in respect to any of the bonds therein secured.

The defendants answer and as a defence allege false and fraudulent representations of the capacity of the mills for doing work, and in other material particulars entering into the value of the property under which they were induced to enter into the contract of purchase, and have been deceived and wronged. and they demand a rescission of the contract, or a recoupment upon the agreed price, or damages compensatory for the deceit and fraud practiced in the sale, to be deducted from the plaintiff's demand.

Three issues were passed on by the jury, which with their responses to each are as follows:

1. Did the plaintiff make any false and fraudulent representations as set out in the answer, to induce the purchase of the mill and the execution of the notes secured by the mortgage? Answer, Yes.

2. Did defendant buy and give his notes and secure the same by reason of the false and fraudulent representations made by plaintiff? Answer, Yes.

3. What damages hath the defendant sustained, if any, by reason of the fraud and deceit practiced upon him by the plaintiff? Answer, None.

On the rendition of the verdict of the jury as above, the plaintiff moved for a new trial upon the Judge's minutes, and to set aside the verdict as being against the weight of evidence. The defendants opposed plaintiff's motion, and on their own behalf made counter-motion for decree of rescission and restoration to their former position. On consideration, his Honor granted the plaintiff's motion and overruled that of the defendants.

The defendants thereupon prayed an appeal in open Court, and had the same entered of record.

*Mr. L. M. Scott,* for the plaintiff.

*Messrs. Dillard & Morehead* filed a brief, for the defendants.

SMITH, C. J., (after stating the facts).   When the trial was entered upon, the defendants moved for judgment rescinding the contract of sale, for that their answer demanding this was a counter-claim, the facts alleged in which not being controverted, were to be taken as true.   The Court, not acceding to this view, denied the motion, and directed the trial to proceed, with the result shown in the verdict, the jury finding the false and fraudulent representations set out in the answer to have been made, and that by reason thereof the defendants were induced to make the purchase, but that no damages had accrued thereby to them.   The answer, it will be observed, while averring the facts upon which their defence rests, commingles such as go in avoidance and also constitute a counter-claim.   The primary and preferred relief, the annulling of the entire contract, is matter *in avoidance,* and is deemed to be controverted without a replication ; *The Code,* §268 ; *Price* v. *Eccles,* 73 N. C., 162 ; while the same matter, as furnishing a cause of action for compensating damages for the fraud and deceit, which leaves the transaction to stand as a sale and transfer of the title, constitutes a counter-claim.   In our opinion, the case is not one for a rescission, for the obvious reason that the parties cannot be restored to the status occupied at the making of the covenants, in consequence of dispositions since made of the property.   *McDowell* v. *Sims,* Busb. Eq., 130 ; *Pettijohn* v. *Williams,* 2 Jones Eq., 302 ; and again in same volume, 356.

The right to recover remuneration in an action for deceit in the sale of land or fishing grounds, effected by fraudulent devices and representations, is settled by the case between the same parties, reported in 1 Jones, 145 ; and again in 2 Jones, 33.

21*

The defendants, however, demanded a judgment of rescission, and in this were properly overruled. They did not demand an interlocutory judgment and an inquiry of damages by the jury, and hence their right to this was not passed on by the Court. The defendants certainly were not entitled to final judgment in either form. There being no error in this ruling, there could be no appeal from a judgment setting aside the verdict as having been rendered against the weight of the evidence, and especially with such repugnant findings.

The judgment must be affirmed.   Let this be certified.

No error.                                           . Affirmed.