M. W. BUFFKIN v. D. EASON.

*Counter-claim—Trial—Judge's Charge.*

1. An allegation in an answer that the property, for the recovery of which the suit is brought, belonged to plaintiff and defendant as partners, does not constitute a counter-claim.

2. When the evidence upon an issue is conflicting, it is error in the Court to direct the jury to return a verdict for one of the parties—the jury alone being the judge of the weight of the evidence.

CIVIL ACTION, tried at Fall Term, 1891, of PASQUOTANK Superior Court, *Brown, J.*, presiding.

The complaint alleges that the plaintiff is the owner and entitled to have possession of a quantity of corn specified therein, and that the defendant wrongfully detains the same, etc.

The answer denies all the material allegations of the complaint. It also alleges, as matter of defence, that the plaintiff and defendant are partners in trade, and that the corn in controversy belongs to them as such partners. No cause of action or counter-claim in that respect is otherwise alleged.

The plaintiff did not make reply to the answer, and the defendant moved for judgment upon the complaint and answer upon the ground that no reply was filed. The Court denied this motion, and the defendant excepted.

On the trial the Court submitted to the jury issues as follows:

1. "Did the defendant sell and deliver the corn described in the complaint to the plaintiff after the execution of the paper-writing dated August 28, 1890?

2. Is the plaintiff entitled to the possession of the corn described in the complaint by virtue of the paper-writing, dated August 28, 1890?

3. Does defendant wrongfully detain same?"

To the first of these, the jury responded in the negative. "The Court charged the jury, upon all the evidence in the case, to answer the second and third issues in the affirmative," which they accordingly did, and the defendant excepted.

The plaintiff was examined as a witness in his own behalf and put in evidence a paper-writing under seal, which was in effect an unregistered chattel mortgage to him executed by the defendant, embracing the corn in question. The subscribing witness thereto testified that he witnessed the same and saw it executed.

The defendant was also examined as witness in his own behalf, and his testimony and that of the plaintiff were much in conflict. He denied the plaintiff's demand, and did not

admit the execution of the paper-writing mentioned above. The Court gave judgment for the plaintiff, and the defendant appealed.

No counsel for plaintiff.
*Messrs. Grandy & Aydlett* (by brief), for defendant.

MERRIMON, C. J.: The answer does not purport to allege a counter-claim, nor does it allege facts informally sufficient to constitute one. It simply alleges that the plaintiff and defendant were partners in trade and as such owners of the corn, the subject of controversy, as matter of defence. Such allegation " is to be deemed controverted by the adverse party as upon a direct denial or avoidance," unless the Court shall require a reply to such new matter. The statute (*The Code,* §§ 248 and 268) so provides. *Price* v. *Eccles,* 73 N. C., 162; *Fitzgerald* v. *Shelton,* 95 N. C., 519; *Stanton* v. *Hughes,* 97 N. C., 318. The Court, therefore, properly denied the motion of the defendant for judgment upon the complaint and answer.

We are, however, of opinion that the Court erred in directing the jury, upon all the evidence, to respond in the affirmative to the second and third issues. The defendant did not admit that he executed the paper-writing under which the plaintiff claims the corn; indeed, he testified to a state of facts wholly inconsistent with it, and its several provisions. His testimony was, in all material respects, in conflict with that of the plaintiff. He testified that he never delivered the corn to him, and that the latter never made demand upon him for the same. The plaintiff testified directly the reverse.

The unregistered mortgage, as between the plaintiff and defendant, had the effect, so far as appears, to put the title to the corn in question, embraced by it, in the plaintiff. The Court might have told the jury that if they believed the evidence of the subscribing witness, the defendant executed the

paper-writing mentioned, and in that case they should respond to the second and third issues in the affirmative. It was the province of the jury to pass upon the weight of the evidence, as the learned Judge very well knew. No doubt he omitted to instruct them in substance as above indicated, by inadvertence; he may have done so, and omitted to so state in the case settled on appeal. It does not, however, appear that he gave that instruction, and hence, it must be taken that he did not.

The judgment must be set aside, and a new trial awarded.

Error.