WALTER A. WOOD CO. v. EUBANKS.

(Circuit Court of Appeals, Fourth Circuit. February 15, 1909.)

No. 820.

1. BANKRUPTCY (§ 151*)—RIGHTS OF TRUSTEE.

A bankrupt's trustee occupies the same relation to the creditor that the bankrupt sustained prior to the date of the adjudication.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 193; Dec. Dig. § 151.*]

2. BANKRUPTCY (§ 140*)—TITLE AND RIGHTS OF TRUSTEE—CONTRACT—CONSTRUCTION.

A contract by which petitioner furnished certain implements to the bankrupt provided that all goods on hand and the proceeds of the sales of all goods received under the contract, whether consisting of notes, cash, or book accounts, the bankrupt agreed to hold as collateral security, in trust for the benefit of petitioner, until all obligations under the contract due petitioner from the bankrupt had been paid in cash. Held, that such agreement constituted an enforceable trust as between the bankrupt and his trustee, and not a conditional sale.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 140.*]

3. CHATTEL MORTGAGES (§ 84*)—VALID INTER PARTES—REGISTRATION.

Under the laws of North Carolina, a chattel mortgage is valid between the parties without registration.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 152; Dec. Dig. § 84.*]

4. SALES (§ 465*)—CONDITIONAL SALES—REGISTRATION.

Under the law of North Carolina, a conditional sale is valid between the parties without registration.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1353; Dec. Dig. § 465.*]

5. COURTS (§ 366*)—DECISIONS OF STATE COURTS—RULES OF DECISION.

The validity of an unregistered mortgage as between the parties is a question as to which the decisions of the highest courts of the states are controlling on the federal courts sitting therein.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 366.*

Conclusiveness of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank v. City of Memphis, 49 C. C. A. 468.]

On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States for the Western District of North Carolina, at Statesville.

This is a petition to superintend and revise in a matter of law the proceedings of the court in bankruptcy for the Western district of North Carolina. On October 16, 1906, a contract was made between the Walter A. Wood Company and the Implement & Supply Company by which certain goods of the former were sold and delivered to the latter. As a part of said contract, the Implement & Supply Company made the following agreement:

"All goods on hand, and the proceeds of all sales of all goods received under this contract, whether such proceeds of sales consist of notes, cash or book accounts, the party of the second part agrees to hold as collateral security in trust and for the benefit of the party of the first part, until all obligations hereunder due party of the first part from party of the second part are paid in cash."

The Implement & Supply Company purchased goods from the Walter A. Wood Company, and sold the same to its customers on time, and took certain promissory notes and mortgages therefor aggregating $524.90, which identified as such are now in the possession of the trustee in bankruptcy. The said the Implement & Supply Company still owes the Walter A. Wood Company for the whole of the contract price of the goods sold and delivered to it under said contract.

Upon the foregoing facts, the Walter A. Wood Company moved before W. O. Erwin, Esq., referee in bankruptcy, for an order directing H. M. Eubanks, trustee in bankruptcy of said the Implement & Supply Company, to turn over said notes and mortgages, amounting to $524.90, under the provisions of the contract aforesaid. The referee declined to make such order, and the Walter A. Wood Company excepted and appealed to the District Judge, who, after hearing the same, overruled the objections and exceptions of the appellant, and made an order affirming the order and rulings of the said referee in bankruptcy.

Charles H. Armfield and Wilfred D. Turner, for petitioner.

Before PRITCHARD, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

PRITCHARD, Circuit Judge (after stating the facts as above). To properly determine the questions involved in the controversy now before us, it becomes necessary to ascertain the nature of the contract between the Walter A. Wood Company and the Implement & Supply Company. This contract being in writing, free from ambiguity and plain in its terms, it is purely a question of law as to its interpretation. Hence this case comes before us on a petition to superintend and revise in matters of law the proceedings of the District Court. The referee found the following facts and conclusions of law:

"(1) That the Walter A. Wood Company sold to the bankrupt, under contract dated 17th day of October, 1906, certain machinery and implements described therein; that the same was absolute, and not conditional or by way of consignment.

"(2) That said contract of sale was never registered.

"(3) That said contract, which was signed by the bankrupt corporation, contained the following clause: 'All goods on hand, and the proceeds of all sales of goods received under this contract, whether such proceeds of sales consist of notes, cash or book accounts, the party of the second part agrees to hold as collateral security in trust and for the benefit of the party of the first part, until all obligations hereunder due party of the first part from the party of the second part are paid in cash.'

"(4) That the total indebtedness of the Implement & Supply Company for said machinery is still due and unpaid.

"(5) That certain of said machines and implements were sold by the bankrupt in due course of trade for cash, and that the money arising from said sale was deposited by said company to its general credit in the First National Bank at Statesville, and said money was used by the bankrupt as other funds belonging to it; and that certain of said machines and implements were sold by the bankrupt on credit or partly on credit; and that part of the proceeds of sale was evidenced by notes taken by the bankrupt and payable to bankrupt's order, and by a book account against one Turner Jennings for thirty ($30) dollars; that said notes and book accounts have been fully identified; that the aggregate amount thereof is $524.90, and that a true list thereof appears in the accompanying petition of the said Walter A. Wood Company.

"(6) That said notes were in possession of the bankrupt at the time of the adjudication, were embraced in the schedule, and are now in the possession of the trustee in bankruptcy.

"Conclusions of Law.

"Upon the foregoing facts I conclude:

"(1) That the contract between the petitioning creditors and the bankrupt did not constitute a valid pledge of the choses in action, for that there was no delivery to the pledgee or to any third party for its use.

"(2) That the same did not constitute a valid mortgage as against the trustee, for that it was not registered.

"(3) That it did not constitute such an equitable lien as could be enforced against the trustee in bankruptcy."

That portion of the contract which is pertinent to the question presented here reads as follows:

"All goods on hand, and the proceeds of all sales of all goods received under this contract, whether such proceeds of sales consist of notes, cash, or book accounts, the party of the second part agrees to hold as collateral security in trust and for the benefit of the party of the first part until all obligations hereunder due party of the first part from the party of the second part are paid in cash."

Under the terms of this contract, the Implement & Supply Company purchased certain goods of the Walter A. Wood Company with the distinct agreement at the time of such purchase that the Implement & Supply Company would hold all goods on hand, the proceeds of sales consisting of notes, cash, or book accounts, as collateral security, in trust for the Walter A. Wood Company, until all the obligations under the contract should be paid in full in cash. It was clearly the intention of the parties that the goods sold and delivered to the Implement & Supply Company and the proceeds arising from the sale thereof should be held in trust for the exclusive use and benefit of the Walter A. Wood Company until the obligations incurred thereunder should be fully discharged by the payment of the same in cash. Pursuant to this agreement, the Implement & Supply Company, at the time it was adjudged a bankrupt, held certain notes taken in payment for goods sold to the bankrupt by the petitioner, and those notes went into the hands of the trustee, as shown by the referee's report.

It is well settled that the trustee of a bankrupt stands in the shoes of the bankrupt, and occupies the same relation to the creditor that the bankrupt sustained prior to the date on which he was adjudged a bankrupt. Therefore, in dealing with this question, we will consider the trustee as possessing all the rights of the bankrupt, and for the time being acting in his stead. "A trustee in bankruptcy gets no better title than that which the bankrupt had, and is not a subsequent purchaser in good faith within the meaning of section 112 of chapter 418, p. 540, of the Statutes of 1897 of New York, and, as a vendor's title under a conditional sale is good against the bankrupt, it is also good against the trustee." Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986.

The Supreme Court of the United States, in the case of Thomas v. Taggart, 209 U. S. 389, 28 Sup. Ct. 520, 52 L. Ed. 845, speaking through Justice Day, says:

"The rule is generally recognized that if the title to property claimed is good as against the bankrupt and his creditors, at the time the trustee's title accrued, the title does not pass and the property should be restored to its true owner; or, if the property has been sold, the proceeds of the sale takes

the place of the property. Loveland on Bankruptcy (3d Ed.) § 152; Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782."

While the decisions of the District Courts, as well as those of the Circuit Courts of Appeals, are conflicting, yet there are many cases in which it is held that an unrecorded conditional sale, if not forbidden by the statute, is good between the vendor and the trustee of the bankrupt, upon the theory that the trustee, for the time being, is the representative of the bankrupt, and as such sustains the same relation to the vendor that the bankrupt sustained at the time the contract was executed.

Under the circumstances, the inquiry naturally arises as to whether the Walter A. Wood Company and the Implement & Supply Company had the right to enter into this contract at the time they did for the purposes for which it was intended, and as to the intent and meaning of the provisions contained therein. It is not seriously contended that the parties did not have the right to contract, which leaves only the question as to the scope and extent of such contract. The court below sustained the conclusions of the referee to the effect that the contract between the petitioning creditors and the bankrupt did not constitute a valid pledge of the choses in action, for that there was no delivery to the pledgee or to any third party for its use; that the same did not constitute a valid mortgage as against the trustee, for that it was not registered; that it did not constitute such an equitable lien as could be enforced against the trustee in bankruptcy.

We do not deem it necessary to pass upon the ruling of the court as respects the first conclusion of the referee, and will therefore confine ourselves to the second and third conclusions. The second conclusion, that the contract "did not constitute a valid mortgage as against the trustee, for that it was not registered," is, in our opinion, erroneous, in view of the facts and circumstances surrounding this transaction. While it is not necessary to a proper determination of this cause to pass upon the question as to whether this agreement constituted a valid mortgage under the laws of North Carolina, yet if it were a mortgage under the laws of that state, it would be valid inter partes without registration. Under the laws of that state, mortgages, deeds of trust, etc., are valid and enforceable between the original parties without registration. Wallace v. Cohen, 111 N. C. 106, 15 S. E. 892; Buffkin v. Eason, 110 N. C. 264, 14 S. E. 749; Todd v. Outlaw, 79 N. C. 235.

It has likewise been held by the courts of North Carolina that a conditional sale is good inter partes without registration. In the case of Williams v. Jones, 95 N. C. 506, the court said:

"There is no principle better settled than that, as between the parties, a mortgage is valid without registration (Leggett v. Bullock, 44 N. C. 283); and it is so laid down in Jones on Mortgages. 'Of course,' says that author, 'the recording of a mortgage is not necessary as against the mortgagor, and, even in those states where it is provided by statute that a mortgage shall be recorded within a specified time, it is still valid between the parties until registered.' Section 107. And it is maintained by the same author, in section 545, that a mortgage may be recorded after the death of the mortgagor, if he has in his lifetime made delivery of it. His general creditors cannot, for

that reason, claim that the mortgage was inoperative as against them. Such a mortgage is good and binding upon the heir in like manner as upon the mortgagor, and the same principle applies to chattel mortgages. Neither the heir in the one case, nor the administrator in the other, is a third person, but represents the intestate, and has no better title than he had. Jones on Chattel Mortgages, § 239. The same principle applies to assignees in bankruptcy. Though they are held to be trustees for the creditors, yet they stand in the place of the bankrupt, and they can take in no better manner than he could. They take subject to whatever equity the bankrupt was entitled to."

This being a question to be determined by the laws of North Carolina, the decisions of the highest court of that state construing the same are controlling.

In the case of Thompson v. Fairbanks, 196 U. S. 522, 25 Sup. Ct. 308, 49 L. Ed. 577, the court said:

"Whether and to what extent a mortgage of this kind is legal is a legal question, and the decisions of the state court will be followed by this court in such cases." Dooley v. Pease, 180 U. S. 126, 21 Sup. Ct. 308, 45 L. Ed. 457.

Also in the case of Humphrey v. Tatman, 198 U. S. 92, 25 Sup. Ct. 567, 49 L. Ed. 956, the court, among other things, said:

"It may be assumed, in view of the recent decision in Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577, that, if the taking of possession was good as against the trustee in bankruptcy so far as the Massachusetts law is concerned, * * * it is good here."

This contract is not a conditional sale, nor is it a mortgage. It went into effect and became binding upon the parties upon its execution and the delivery of the goods in accordance with its provisions. The laws of North Carolina did not require its registration.

In the case of Chemical Company v. Johnson, 98 N. C. 123, 3 S. E. 723, the Supreme Court of that state passed upon that question. There it was contended that a contract similar to the one in question was invalid because it had not been registered. Chief Justice Smith, who delivered the opinion of the court, said:

"The only question before us is as to the character and construction of the agreement, and whether it is an instrument required to be registered, and inoperative and void, unless and until so registered, against creditors and purchasers. Code, § 1254.

"We are unable to concur in the opinion of the court that the contract is within the purview of the enactment cited, or of the mischiefs which were remedied by it, and the amendatory act which extends it to conditional sales of personal property. Code, § 1275.

"In form it is largely executory in its provisions, requiring the vendor to take and hold all securities received upon sales of the guano for payment of the original purchase money. This trust, at least as between the parties, attaches to the substituted fund, and it can only be conveyed (except in certain cases) in the same plight to another. There are present none of the features and essential elements of 'deed of trust or mortgage,' as there were none before the new statute in conditional sales of personal property. The statute was intended to meet this latter class of cases, because they were in legal effect of the nature of mortgages, the legal title being retained to secure payment of the price for which the property was sold.

"Again, if it were otherwise, the want of registration (for the contract would be valid as between the parties without registration) would apply to the articles sold, and, as this has all been disposed of, would not reach the choses in action taken in exchange. Can it be supposed that as soon as a sale is made it must be put in writing, and so toties quoties, so that upon inspection of the registry the attaching trust to the fund substituted would

appear? In form and fact the property passes from the plaintiff to the defendant, Johnson, and if the expression, 'all of the above mentioned goods, as well as the proceeds therefrom, are to be held in trust by him for the payment of his notes to us,' creates a trust in the sense of the statute, it accompanies and attaches to the property conveyed, and hence the plaintiff would become mortgagor and Johnson mortgagee in their relations to each, and in such case the want of registration avoids the operation of the instrument 'as against creditors or purchasers for a valuable consideration from the donor, bargainor or mortgagor,' but from the registration, etc. (section 1254), but not creditors or purchasers of the mortgagee; in other words, for such creditors or purchases as the statute refers to. The title does not pass, but remains in the mortgagor as if no such conveyance had been made. The effect, then, would be to leave the property in the mortgagor for the benefit of his creditors or vendees for value, and none claiming under the chemical company are assailing the transfer as obstructing the enforcement of demands against it, and none others can for the alleged defect. As, then, the defendant, Johnson, transferred these claims clothed with the trust he had assumed, and which is valid and effectual as against him, they pass into the hands of the assignee in the same plight and condition, and must be accounted for in like manner by the latter.

"It is suggested that the contract may admit of a construction reversing the relations of the parties, and giving the character of mortgagor to Johnson, by virtue of his stipulations as to the holding and disposition to be made of the property. But in our opinion it will not bear this interpretation. There is but one transfer of property, and the trust declared and assumed is an incident to the conveyance. In most deeds of trust such is the case. The trust is declared by the bargainor, the estate accepted subordinate thereto, and the trusts are equally obligatory on the mortgagee, whether he in terms agrees to carry the trust into effect or not. His acceptance of the estate fixes upon him this duty. The stipulations, therefore, of Johnson, do not alter the nature of the transaction, but it remains a transfer with the restrictions imposed by the company that made it, and they are not removed by his general assignment for the benefit of his creditors."

We have carefully considered the facts in the case supra, and find that the contract in that instance is nearly identical with the contract relied upon in the case at bar.

In the case of Chemical Company v. McNair, 139 N. C. 335, 51 S. E. 952, the court said:

"It appears from an inspection of the contract made by Coble with Ober & Sons Company, bearing date January 17, 1898, that he was to sell the guano, and deliver to Ober & Sons Company notes of the planters to whom he sold, to be held by them as collateral security, and that all proceeds of guano sold were to be held in trust by Coble for the payment of his notes. As between Coble and Ober, there can be no question that the accounts were held as the property of the latter, and the money collected thereon was held in trust for them. Contracts containing the same language in respect to the terms upon which the guano was to be sold and the proceeds held were construed by this court in Chemical Co. v. Johnson, 98 N. C. 123, 3 S. E. 723, and Guano Company v. Bryan, 118 N. C. 576, 24 S. E. 364. In the last case, Mr. Justice Montgomery said: 'There can be no doubt that the contract makes the defendant a trustee for the plaintiff's benefit of the guano sold to him by the plaintiff, of the notes taken by the defendant from the purchasers of the guano, and of the cash money derived from the sales and of that collected on the notes.'"

There is an unbroken line of decisions of the Supreme Court of North Carolina construing contracts similar to the one relied upon by the petitioner in this instance in which it is held that such an instrument is neither a mortgage nor a conditional sale, but that it is a contract which creates a trust, and is therefore not required to be

registered. That under its provisions the vendee holds the property, or the proceeds resulting from the sale thereof, in trust for the vendor, and that the right to the possession of the said property, or the proceeds of the sale of the same, may be enforced against a creditor or the purchaser by the vendor at any and all times. Therefore we are of opinion that the Walter A. Wood Company is entitled to the relief sought to be obtained in this proceeding.

For the reasons stated, the judgment of the district court is reversed, and this cause is remanded to said court with instructions to proceed in accordance with the views herein expressed.

Reversed and remanded.

MORRIS, District Judge (concurring). I concur upon the ground that the agreement between the vendor and the vendee created a trust as to the proceeds of the goods, which, under the settled law of North Carolina, is valid as against the trustee in bankruptcy. And as the proceeds are represented by notes and an account which are identified in the hands of the trustees, the vendor is entitled to them. The North Carolina cases cited in the opinion appear to fully sustain this ruling.