### In re UNITED STATES LUMBER CO.

(District Court, W. D. Washington, N. D. June 20, 1913.)

#### No. 5,021.

1. BANKRUPTCY (§ 188*)—LIENS—DETERMINATION—WHAT LAW GOVERNS.
   The validity of a lien on the property of a bankrupt is to be determined by the state law.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 270, 286–289, 291–295; Dec. Dig. § 188.*]

2. BANKRUPTCY (§ 184*)—CONDITIONAL SALE—FILING—PLACE—"RESIDENCE."
   Rem. & Bal. Code Wash. § 3670, provides that all conditional sales of personal property, the possession of which is delivered to the vendee, shall be absolute as to purchasers, incumbrancers, and subsequent creditors in good faith, unless within ten days after taking possession by the vendee a memorandum of the sale shall be filed in the auditor's office of the county wherein the vendee then resides. Held that, since the "residence" of a corporation is the place designated in its articles as its principal place of business, regardless of the fact that its principal activities are conducted in another county, where a conditional contract for the sale of personal property to the corporation was filed in the latter county, but not in that specified in the corporation's articles as its principal place of business, it was invalid to reserve title as against the corporation's trustee in bankruptcy.
   [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275–277; Dec. Dig. § 184.*
   For other definitions, see Words and Phrases, vol. 7, pp. 6151–6161; vol. 8, p. 7788.]

3. BANKRUPTCY (§ 184*)—PETITION—ESTOPPEL.
   Where a petition in bankruptcy against a corporation stated that its principal place of business was in S. county, where its principal activities were conducted, though its articles of incorporation fixed K. county as the principal place of the corporation's business, such allegation in the petition did not estop the bankrupt's creditors from claiming that a contract of conditional sale of personal property to the bankrupt, filed in S.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

county, and not in K. county, was invalid, because not filed in the county wherein the buyer resided, as required by Rem. & Bal. Code Wash. § 3670.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 275-277; Dec. Dig. § 184.*]

Bankruptcy proceedings against the United States Lumber Company. Petition by the Reynolds Electric Company for the return of certain personal property in the possession of the trustee, alleged to have been sold to the bankrupt under a conditional bill of sale. The referee entered an order dismissing the petition, and the claimant filed petition for review. Affirmed.

S. G. Climenson, of Seattle, Wash., for trustee.
Gill, Hoyt & Frye, of Seattle, Wash., for petitioning creditor.

CUSHMAN, District Judge. This cause is for decision upon a petition to review an order of the referee dismissing the petition of the Reynolds-Electric Company. The petition of this company prayed the return of certain personal property in the possession of the trustee, which property had been sold to the bankrupt by the electric company under a conditional bill of sale. This conditional bill of sale had been filed in the office of the county auditor of Snohomish county, state of Washington. The articles of incorporation of the bankrupt corporation showed its principal place of business to be in the city of Seattle, King county, state of Washington, and these articles were filed in the office of the auditor of King county.

The petition for adjudication stated that the bankrupt had its principal place of business at Darrington, in the county of Snohomish, and offices at Seattle, King county, state of Washington, and Western district of Washington. The order of adjudication recites nothing concerning the principal place of business of the bankrupt. The order of reference recites that its principal office and place of business is at Seattle, King county.

The trustee relies upon the following authorities: First Nat. Bank of Everett v. Wilcox (Wash.) 130 Pac. 756; 1 Loveland on Bankruptcy (4th Ed.) 903; Thompson v. Fairbanks, 196 U. S. 516, 25 Sup. Ct. 306, 49 L. Ed. 577; Humphrey v. Tatman, 198 U. S. 91, 25 Sup. Ct. 567, 49 L. Ed. 956; Hiscock v. Varick Bank, 206 U. S. 28, 27 Sup. Ct. 681, 51 L. Ed. 945; Wood Co. v. Eubanks, 169 Fed. 929, 95 C. C. A. 273; Ex parte Hall, Fed. Cas. No. 5,919, 5 Law Rep. 269; In re Plymouth Cordage Co., 135 Fed. 1000, 68 C. C. A. 434; Ryan v. Hendricks, 166 Fed. 94, 92 C. C. A. 78; 1 Loveland, § 358, p. 738; Id. § 437, p. 968.

In addition to certain authorities cited by the trustee, the petitioning creditor relies upon the following: Bankr. Act July 1, 1898, c. 541, § 2, cl. 1, 30 Stat. 545 (U. S. Comp. St. 1901, p. 3420); General Orders in Bankruptcy, rule 38, form 3 (89 Fed. xxviii, 32 C. C. A. lii); Galveston, etc., R. R. v. Gonzales, 151 U. S. 496, 14 Sup. Ct. 401, 38 L. Ed. 248; In re First Nat. Bank, 152 Fed. 64, 81 C. C. A. 260, 11 Ann. Cas. 355; Cook v. Robinson, 194 Fed. 791, 114 C. C. A. 505; In re Hecox, 164 Fed. 824, 90 C. C. A. 627; In re American Brewing

Co., 112 Fed. 752, 50 C. C. A. 517; In re Hintze (D. C.) 134 Fed. 141; Bankruptcy Act, §§ 67a, 70; Id. § 47, subd. "a," cl. 2, as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840 (U. S. Comp. St. Supp. 1911, p. 1501).

[1] The validity of a lien on the property of the bankrupt is determined in conformity with the local or state law. Collier on Bankruptcy (9th Ed.) pp. 908 (b), 912 (c). The statute of the state of Washington provides:

"All conditional sales of personal property, or leases thereof, containing a conditional right to purchase, where the property is placed in the possession of the vendee, shall be absolute as to the purchasers, incumbrancers, and subsequent creditors in good faith, unless within ten days after taking possession by the vendee, a memorandum of such sale, stating its terms and conditions and signed by the vendor and vendee, shall be filed in the auditor's office of the county, wherein, at the date of the vendee's taking possession of the property, the vendee resides." Section 3670, Rem. & Bal. Code.

Creditors of the bankrupt and the trustee will only be affected by the lien of the conditional sale contract when the same is filed in the county in which its articles of incorporation state its principal place of business to be, and the residence and domicile of said corporation is in such county. First Nat. Bank of Everett v. Wilcox (Wash.) 130 Pac. 756.

[2] The petitioner contends that, in this case, the rule above stated does not control; that, upon a petition reciting the principal place of business of the bankrupt to be in Snohomish county and principal office in Seattle, King county, an adjudication of bankruptcy being made, it is conclusive upon all creditors of the facts recited in the petition, and that they and the trustee are now estopped to claim in any connection that the bankrupt's principal place of business was other than in Snohomish county; that, therefore, the conditional sale contract must be upheld, because it was filed in Snohomish county.

The question is one of statutory construction, and it does not necessarily follow that the expressions "principal place of business" and "residence" should be held to have the same meaning in different statutes. The meaning is to be determined by the connection in which the expressions are used and the purpose of the law in which they are found. So far as the bankruptcy law is concerned—section 2, subd. 1, giving that court jurisdiction in the district and division wherein the bankrupt corporation, for the preceding six months, had its principal place of business—it has been held that the principal place of business stated in the articles of incorporation does not control, but rather the place where its principal business was actually conducted. Collier on Bankruptcy (9th Ed.) p. 33 (2). The reason for this, probably, is that thereby a greater number of persons interested would be convenienced, and that such was the controlling purpose of the act.

In a recording statute, designating the place for the recording of instruments, certainty would be the most important feature, and it might be reasonably held that that object would be best attained by holding the principal place of business or residence to be that designated in the articles, about which there could be no question.

[3] Though the adjudication of bankruptcy may estop all the cred--

itors, concerning the insolvency of the bankrupt and, possibly, other matters, yet estoppel has no place in this controversy. The filing of the articles of incorporation and the filing of the conditional bill of sale long preceded the filing of the petition for the adjudication of bankruptcy. The recital in this petition could not estop the holder of the conditional bill of sale, because his record had been made and could not be unmade. Estoppels must be *mutual*. While the recital in the petition for adjudication, under petitioner's contention, now makes for the validity of the petitioner's lien, if it were turned around, and the petition erroneously recited the principal place of business or residence to the prejudice of the lienor, it would be abhorrent to justice and equity to hold that thereby his lien was defeated.

The referee's order is confirmed.