In re MT. WINANS LUMBER CO.

(District Court, D. Maryland. July 29, 1915.)

No. 2618.

BANKRUPTCY ☞350—LIENS—DISTRESS LEVY.

Before the filing of a petition in bankruptcy against a corporation, it was placed by a state court in the hands of a receiver, and on petition of the corporation's landlord the claim for rent was made a preferred lien on the distrainable property on the leased premises. *Held*, that such claim should be allowed as a preferred claim against the funds in the hands of the trustees in bankruptcy realized from a sale of the distrainable property on the leased premises at the date of the state court's order, since under the law of Maryland the lien acquired by a distress validly levied prior to bankruptcy would not be disturbed by the subsequent

petition and adjudication in bankruptcy, and the order of the state court was equivalent to the levy of a distress.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 537; Dec. Dig. ⊙⟹350.]

In Bankruptcy. In the matter of the Mt. Winans Lumber Company, bankrupt. On review of an order of the referee granting the petition of Joseph Thomas & Son. Order affirmed.

Charles Lee Merriken, of Baltimore, Md., for trustee.

H. Webster Smith, of Baltimore, Md., for Jospeh Thomas & Sons.

ROSE, District Judge. Before the filing of the petition in bankruptcy the bankrupt was placed in the hands of a receiver appointed by a Maryland state court. After the appointment of a receiver, and before the filing of the bankruptcy petition, Joseph Thomas & Son filed a petition in the state court alleging that rent was due them from the bankrupt, that there was distrainable property in the leased premises in value greater than the rent due them, and asking that their claim be made a preferred lien on such property. The state court, still before the filing of the petition in bankruptcy, made the order asked for. Now Joseph Thomas & Son ask this court to direct that the rent due them at the time of the filing of their petition in the state court be declared preferred upon the funds in the hands of the trustee realized from the sale of the distrainable property of the bankrupt upon the leased premises at the date of the state court order. The referee has so done. The trustee has brought the question here by certificate of review.

The referee is right. If distress had been validly levied before the institution of bankruptcy proceedings, the lien thereby acquired by the landlord would not in this state have been disturbed by a subsequent petition and adjudication in bankruptcy, for such a lien is not one acquired by legal proceedings within the meaning of the bankrupt law. The state court could have permitted such distress to be levied. It did not see any occasion to do so when its order would accomplish the same result with much less trouble and expense. The passage of such order by it must be regarded by the bankrupt court as the equivalent of the levy of a distress, the property subject to such levy being then within its control.

The order of the referee must therefore be affirmed, with costs.