## In re CAPLAN et al.

District Court, D. Maryland.    December 2, 1927.

No. 4862.

1. Bankruptcy ⊜188(1)—Whether bankrupt's property is subject to lien is determined by local law of situs (Bankr. Act, § 64b[7], 11 USCA § 104).

Whether property of bankrupt is subject to lien is determined by local law of place where it is situated, under Bankruptcy Act, § 64b(7), 11 USCA § 104.

2. Bankruptcy ⊜191(1)—Landlord held to have lien for rent under District of Columbia Code (Code, § 1229).

Under Code, § 1229, a landlord has a lien for rent due on property of bankrupt on the leased premises at the time of bankruptcy, and action for its enforcement may be maintained by proving the claim in bankruptcy.

In Bankruptcy. In the matter of Daniel C. Caplan and Solomon Rudolph, partners as Caplan & Rudolph, bankrupts. On petition against receiver to enforce lien for rent. Granted.

W. Conwell Smith, of Baltimore, Md., for petitioner.

Musgrave, Bowling & Hessey, of Baltimore, Md., for master.

COLEMAN, District Judge. This is a proceeding brought by the assignee of a landlord to obtain priority of payment of rent out of the assets of the bankrupts located in the ancillary jurisdiction of the District of Columbia, which rent was due prior to the adjudication of bankruptcy. From the petition, the following facts appear:

On March 7, 1923, the bankrupts, Caplan & Rudolph, leased from one Horn certain premises in the city of Washington, D. C., for five years, at the rental of $500 per month. The lease was assigned to the petitioner for collection of rent and general enforcement. On December 23, 1926, the lessees were adjudicated bankrupts in the District Court for the District of Maryland. The December rent was then unpaid. G. W. Mus-

grave, the defendant herein, was appointed receiver in Maryland, and ancillary receiver in the District of Columbia. As the result of a petition filed in the District by the present petitioner for priority of payment of the rent, the referee there held that such should be allowed by virtue of section 1229 of the District of Columbia Code, hereinafter quoted. The present petition is to require the receiver to pay the claim before removing the bankrupts' funds from the District, and commingling them with the general funds of the estate in Maryland.

Under section 64b(7) of the Bankruptcy Act (11 USCA § 104), if the state law gives a lien or a priority, it will be recognized. In re U. S. Lumber Co. (D. C.) 206 F. 236. Nothing in section 67 of the act (11 USCA § 107) prevents enforcement of a landlord's lien for rent, since it must be treated as having been given in good faith, within the exception of section 67d. Courtney v. Fidelity Trust Co. (C. C. A.) 219 F. 57; In re Mt. Winans Lumber Co. (D. C.) 228 F. 831.

[1, 2] The local law of the place where the property is situated governs as to whether there is a lien or not. Longstreth v. Pennock, 20 Wall. 575, 22 L. Ed. 451; In re Chaudron & Peyton (D. C.) 180 F. 841, 24 Am. Bankr. Rep. 811. Therefore the law of the District of Columbia governs in this case. The construction placed upon the Maryland statute, however similar that law may be, can have no effect. Section 1229 of the District of Columbia Code provides:

"The landlord shall have a tacit lien for his rent upon such of the tenant's personal chattels, on the premises, as are subject to execution for debt, to commence with the tenancy and continue for three months after the rent is due and until the termination of any action for such rent brought within said three months."

That this gives a lien has been directly decided. In Philip v. Seckendorff, 36 Wash. Law Reporter, 599, it was held that, although an attachment under this section could not be enforced, so as to oust the receiver from possession, still a judgment could be secured which would be a lien on the proceeds, entitled to payment. This seems decisive of the present case. See, also, Hume v. Riggs, 12 App. D. C. 355. The receiver, however, argues that the lien should not be allowed because not perfected by attachment. This seems to be answered by the fact that an attachment under Philip v. Seckendorff, supra, would not have been effective. The requirement of the statute, above quoted, that some

"action" for the rent shall have been instituted, appears to have been met by petitioner's claim, proof of which has been duly filed in the bankruptcy proceedings.

An order will be signed, directing the receiver to pay to the petitioner $500 rent for December, 1926, before the funds of the bankrupts may be removed from the District of Columbia.