## In re HEINTZELMAN CONST. CO., Inc.
### No. 28620.

District Court, W. D. New York.
June 27, 1940.

George L. Grobe, U. S. Atty., and Joseph J. Doran, Asst. U. S. Atty., both of Buffalo, N. Y., for the Government.

Edwin J. Culligan, of Buffalo, N. Y., for trustee.

KNIGHT, District Judge.

The above-named Heintzelman Construction Co., Inc. was adjudicated bankrupt following proceedings brought for a reorganization. The bankrupt was in the building construction business. When the petition for re-organization was filed and the adjudication in bankruptcy made, the bankrupt was owing considerable sums of money for materials and labor furnished for the improvement of real property of which some were then fully, and others partly completed, and also a claim for compensation insurance premiums accruing during the making of such improvements. Certain sums came into the hands of the trustee in re-organization and the trustee in bankruptcy as the avails from such improvements. Certain other funds came into the hands of the trustee through the sale of real property owned by the bankrupt upon which certain improvements had been made, and one certain sum was received by the trustee through the sale by him of lands conveyed to the trustee and upon which the bankrupt had done certain construction work and toward which construction certain claimants furnished labor or materials.

The Referee has made an order directing the payment of $8,217.52 out of the estate for various claims based upon material and labor furnished for the improvements and the insurance premiums aforesaid. The Collector of Internal Revenue has filed a claim for social security taxes in the amount of $3,320.06. He claims the social security taxes are entitled to payment prior to the aforesaid claims and seeks a review of the Referee's order. The trustee contends that the claims

allowed are for trust funds, and his contention is based on certain provisions of the Lien Law of the State of New York, Consol.Laws, c. 33.

Section 36-a thereof, in part, provides: "The funds received by a contractor from an owner for the improvement of real property are hereby declared to constitute trust funds in the hands of such contractor to be applied first to the payment of claims of. subcontractors, * * * laborers and materialmen arising out of the improvement, and to the payment of premiums on surety bond or bonds filed and premiums on insurance accruing during the making of the improvement and any contractor * * * who applies * * * such funds for. any other purpose and fails to pay the claims hereinbefore mentioned is guilty of larceny."

Section 36 of the same Act, in part, provides: "The funds received· * * * by an owner * * * under every instrument of conveyance containing the covenant required by subdivision five of section thirteen of this chapter are hereby declared to constitute trust funds in the hands of the owner to be applied first for the purpose of paying the cost of improvement, * * *."

Section 13, subdivision (5), of the Act provides that the instrument of conveyance shall contain "a covenant by the grantor that he will receive the consideration for such conveyance as a trust fund to be applied first for the purpose of paying the cost of the improvement * * * before using any part of the total of the same for any other purpose."

Reading these various provisions discloses that no distinction is to be made in the effect of the different claims. The language of the Lien Law is plain and clearly applicable to the claims allowed. Section 64 of the Bankruptcy Act, Sec. 104, Title 11 U.S.C., 11 U.S.C.A. § 104, fixes the order of priority of payment of claims in bankruptcy. Taxes payable to the United States have priority over "debts owing to any person * * * who * * * is entitled to priority * * * by applicable State law * * *." Sub. a(5). That refers to priority as between creditors of the estate. Were these claims based upon the debts of the estate the answer to our problem would be obvious. The Bankruptcy Act, of course, only applies to the property of the bankrupt. The trustee obtains title to the property and interests specified in Section 70 of that Act, 11 U.S.C.A. § 110. The funds from the improvement were a trust fund, and never were a . part of the estate. They were such in the hands of the owner. The trustee obtained no equity or interest greater than that of the bankrupt. Property impressed with a trust continues so impressed in the hands of the trustee. Whatever title he took was subject to valid claims and equities which might have been asserted against the bankrupt. In re Brannon, 5 Cir., 62 F.2d 959; Martin v. New York Life Ins. Co., 7 Cir., 104 F.2d 573; Union Trust Co. v. Townshend, 4 Cir., 101 F.2d 903; Hurley v. Atchison, Topeka & Santa Fe Ry., 213 U.S. 126, 29 S.Ct. 466, 53 L.Ed. 729; Zartman v. First National Bank, 216 U.S. 134, 30 S.Ct. 368, 54 L.Ed. 418.

 The creation of this trust right was wholly a local question, and the Federal court will observe it. In re United States Lumber Co., D.C., 206 F. 236. In re Caplan, D.C., 23 F.2d 680. As liens, assuming these claims amount to such, they are not affected by the Bankruptcy Act, Sec. 67, sub. b, of the Bankruptcy Act, Sec. 107, sub. b, Title 11 U.S.C., 11 U.S.C.A. § 107, sub. b. Vanderlip v. Walker, 21 A.B.R.,N.S., 638; In re Louisville Storage Co., D.C., 21 F.Supp. 897; In re Knox-Powell-Stockton Co., 9 Cir., 100 F.2d 979; York Mfg. Co. v. Cassell, 201 U.S. 344, 26 S.Ct. 481, 50 L.Ed. 782.

In Albert Pick Co., Inc. v. Travis, D.C., 6 F.Supp. 486, a comparable question arose. It was there held that moneys due materialmen became a trust fund in the hands of the trustee. See also Gates & Co. v. John F. Stevens Const. Co., 220 N. Y. 38, 115 N.E. 22. In re Inland Dredging Corp., 61 F.2d 765, 767, 88 A.L.R. 254, decided in this Circuit, did not involve a question of priority as between a tax claim and an improvement claim, but rather the question of the right to priority of a claim on a judgment for unpaid insurance premiums over claims of general creditors. The court held that a statute fixing priority was retroactive as to the judgment claim. The statement in the opinion that "the hierarchy of claims—the order of their priority—is fixed by that section," 64 sub. b(7), was intended to be applicable only to claims payable out of the estate itself —not to those which in law became no part of the estate; not to those expressly not affected by the Bankruptcy Act.

■ It is urged that the burden rests on the claimants of identifying the funds alleged to be held in trust and that such has not been done. Lowell v. Brown, D. C., 280 F. 193; In re Byrne, 2 Cir., 32 F. 2d 189, 190. It is the general rule that where trust funds have been mingled with other funds and the mingled fund has been wholly depleted the trust fund is dissipated and it does not attach to sums subsequently deposited. Schuyler v. Littlefield, 232 U.S. 707, 34 S.Ct. 466, 58 L.Ed. 806. These funds were not mingled by the bankrupt as in that case. Here, the fund has not been wholly depleted, and it seems to me that the rule as to identification was not intended to be applicable where the funds were first paid to a trustee in bankruptcy under the circumstances here. Rather it seems that each claimant has a lien on the moneys now in the hands of the trustee to the extent of the moneys received by the trustee on account of the materials and labor furnished by him. St. Louis & S. F. R. R. v. Spiller, 274 U.S. 304, 310, 47 S.Ct. 635, 71 L.Ed. 1060, and cases cited in the footnotes; Collier on Bankruptcy, 4th Ed. p. 1203; In re Acheson Co., 9 Cir., 170 F. 427, 22 A.B.R. 338.

It is the fact, as asserted on behalf of the Collector, that, if we determine the source of the balance on hand on the basis of "the first in, the first out," a comparatively small amount of the funds now directed to be applied to these priority claims could be directly traced into this balance. However, as hereinbefore indicated, it is believed that it is not necessary to identify the amounts payable on these claims in the balance on hand and that the theory of "first in, first out" as a basis for determination of payments on these claims is not the correct one.

The claimant cites Schuyler v. Littlefield, supra; Matter of Cavin v. Gleason, 105 N.Y. 256, 11 N.E. 504; Matter of Hicks, 170 N.Y. 195, 63 N.E. 276; In re United Cigar Stores Co., 2 Cir., 70 F.2d 313; Berthold-Jennings Lumber Co. v. St. Louis, I. M. & S. Ry. Co., 8 Cir., 80 F.2d 32, 102 A.L.R. 688; In re A. D. Matthews' Sons, 2 Cir., 238 F. 785; In re Brown, 2 Cir., 193 F. 24; In re Frank, D.C., 25 F. Supp. 1005; Bradford v. Chase National Bank of City of New York, D.C., 24 F. Supp. 28.

It does not seem that any of these presents facts comparable here. The instant case is to be distinguished by reason of these facts; that the debtor is in bankruptcy and the funds are in the custody of the court; that all of the funds were first paid into that court; that all of the proceeds of the estate were deposited in a single fund; that the trustee has paid out of such proceeds only for certain expenses of administration and in payment of certain interests entitled to satisfaction before the claimants herein; and that at all times during the administration of the estate the funds in the estate after payment of the expenses of administration and claims entitled to be paid before those of these claimants were sufficient to meet these priority claims as they accrued.

■ Certain funds were received by the trustee from the sale of premises occupied by the bankrupt as his place of business. The priority claims made as against the balance now on hand were properly allowed upon the theory that they are trust funds. Included among the priority claims is one for workmen's compensation insurance premiums. This claim is entitled to priority by virtue of provisions of 36-a of the Lien Law. This claimant stands in the same position as do laborers and materialmen.

The Referee has properly directed the payment of the expenses of administration and application of the balance, after such payment, to the payment of the several priority claims in controversy here in the amount to which they are entitled based upon the particular improvements from which the funds applicable thereto have been derived.

The order of the Referee allowing the claims in question and the distribution as by him made is approved.