**In the Matter of TREISTER & SON, Inc., Bankrupt.**

**No. 91246.**

United States District Court
S. D. New York.

Oct. 1, 1956.

Daniel J. Pinsky, New York City, for creditor.

SUGARMAN, District Judge.

On the petition of United Plumbing Trades Co., the order of the referee dated July 25, 1956 is brought up for review.

The order denied petitioner's application for an order "segregating and setting aside for the benefit of United Plumbing Trades Co., the creditor herein, as a trust fund, the sum of $1800 from the assets of the bankrupt and further directing that the said sum of $1800 be paid to United Plumbing Trades Co."

The petitioner claimed it was entitled to the relief sought because it was employed by the bankrupt under subcontract to do certain plumbing work at a building at City College. The owner paid the bankrupt $1,800 for the work done by petitioner and for material supplied by another which sum was deposited in the bankrupt's general account. Petitioner claims that by virtue of § 36–a of the New York Lien Law, McK.Consol.Laws, c. 33, these funds were impressed with a trust in its favor.

The bankrupt's trustee opposed the granting of the relief sought by the petitioner on the ground that the trust funds received as aforesaid were expended by the bankrupt before the voluntary petition was filed herein and the trustee received no moneys from any bank account of the bankrupt.

The estate is, comprised primarily of accounts receivable, none of which is due for work done by petitioner.

No effort was made by petitioner to trace the trust funds into the hands of the trustee. It appears that petitioner assumed that any property of the debtor from any source was impressed with a trust in its favor under § 36–a of the Lien Law. The error of this assumption becomes patent on reading the statute.

Accordingly, on the evidence before him the decision of the referee was correct and the order dated July 25, 1956 is confirmed.

Samuel P. Adelman, New York City, for trustee.

Of course, to the extent, if any, that the accounts receivable, which comprise the estate, may ultimately spring from the main contract for the improvement of the building at City College, the petitioner is entitled to share ratably as a *cestui que trust* with the other classes of creditors protected by § 36–a of the New York Lien Law.[1]

It is so ordered.

1. Albert Pick Co. v. Travis, D.C.E.D. N.Y., 6 F.Supp. 486; In re Heintzelman Const. Co., D.C.W.D.N.Y., 34 F.Supp. 109.