■ GERALD BECKERMAN, as Trustee in Bankruptcy for GMT Development Corp., Respondent, v GENE M. TUMMOLO et al., Defendants, and FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF ROCHESTER, Appellant.—Order unanimously reversed, without costs, motion granted and complaint dismissed. Memorandum: Plaintiff-respondent Gerald Beckerman is trustee in bankruptcy of GMT Development Corp. The bankrupt corporation owned land and mall improvements in East Rochester Village for which improvements defendant Sibley Corporation provided 3.2 million dollars interim financing and defendant First Federal Savings & Loan Association of Rochester long-term financing. Plaintiff trustee in bankruptcy seeks to stand in the position of the bankrupt as an owner trustee entitled to enforce a New York Lien Law, article 3-A trust and asserts a diversion of trust funds from trust fund assets. Subdivision 1 of section 77 of the Lien Law permits an owner trustee to enforce the trust in a representative action brought on behalf of all beneficiaries. Pursuant to the Bankruptcy Law (US Code, tit 11, § 110, subd [a], par [3]), however, the trustee in bankruptcy does not succeed to powers of the bankrupt which were exercisable solely for the benefit of other persons *(Matter of Commonwealth Bond Corp.,* 77 F2d 308; cf. *Caplin v Marine Midland Grace Trust Co.,* 406 US 416). In addition, only rights of action which could have been levied upon as property of the bankrupt pass to the trustee in bankruptcy (US Code, tit 11, § 110, subd [a], par [5]). Hence, the authority granted by New York Lien Law (§ 77, subd 1) to the owner trustee to enforce the trust does not pass to GMT Development Corporation's trustee in bankruptcy. Not only is the right of action to avoid a diversion not subject to general levy, the underlying trust funds in the hands of the owner trustee are not subject to general levy under subdivision 2 of section 72 of New York Lien Law as the individual property of the trustee. The plaintiff-respondent places major emphasis upon the authority of the United States Code (tit 11, § 110, subd [e]) "(1) A transfer made or suffered or obligation incurred by a debtor adjudged a bankrupt under this title which, under any Federal or State law applicable thereto, is fraudulent as against or voidable for any other reason by any creditor of the debtor, having a claim provable under this title, shall be null and void as against the trustee of such debtor. (2) All property of the debtor affected by any such transfer shall be and remain a part of his assets and estate, discharged and released from such transfer and shall pass to, and every such transfer or obligation shall be avoided by, the trustee for the benefit of the estate". This subsection appears on its face to be inapplicable to the enforcement of a New York Lien Law trust under article 3-A. It deals with recovery of property of the debtor which is not the object of a trust fund suit. Such suit deals with the pursuance of trust funds for the benefit of trust beneficiaries. The bankruptcy section provides for the return of funds to the bankrupt's general estate. Thus plaintiff would employ New York's Lien Law trust fund provisions to avoid a diversion so that the originally diverted funds could be put to a further diversion by the bankruptcy estate in violation of article 3-

A of New York Lien Law. Such a result is not compelled by the Federal Bankruptcy Law. The building loan mortgage funds were trust funds in the hands of the bankrupt prior to the payment to Sibley, First Federal and others *(Caristo Constr. Corp. v Diners Fin. Corp.,* 21 NY2d 507) and the validity of this trust has been recognized by Federal case law even where the bankrupt retained possession of article 3-A trust funds at the time of bankruptcy *(Wickes Boiler Co. v Godfrey-Keeler Co.,* 116 F2d 842, mod on reh 121 F2d 415, cert den 314 US 686; *Matter of Heintzelman Constr. Co.,* 34 F Supp 109). Real property construction funds imbued with trust status with respect to subcontractors, materialmen and other trust beneficiaries by State law, when paid by an owner directly to trust claimants within four months of bankruptcy, may not be set aside as a preference *(Selby v Ford Motor Co.,* 405 F Supp 164; cf. *Limperis v Material Serv. Corp.,* 415 F Supp 65; see, also, *Matter of Ketchum & Assoc.,* 409 F Supp 743). A trustee in bankruptcy cannot maintain an action against third parties solely for the benefit of creditors who are also creditors of the bankrupt where the bankrupt or his estate has no property interest in the subject of the action *(Matter of Petroleum Corp. of Amer.,* 417 F2d 929). There is a diversion of trust assets only to the extent that there are outstanding trust claims (New York Lien Law, § 72, subd 1; *Coristo Constr. Corp. v Diners Fin. Corp., supra),* hence the property interest the subject of the instant action belongs solely to the trust beneficiaries and not the GMT Development Corp. trustee in bankruptcy. The transfers set out in plaintiff-respondent's complaint are not voidable under Federal Bankruptcy Law. It would be contrary to the letter, scheme and purpose of article 3-A of the New York Lien Law to permit the plaintiff to recover the alleged diversions in question for distribution as part of the bankruptcy estate. The complaint does not state a cause of action maintainable by the plaintiff under the New York State Lien Law. (Appeal from order of Monroe Supreme Court—motion to dismiss.) Present —Marsh, P. J., Cardamone, Simons, Denman and Witmer, JJ.