### In re COLBY CONSTRUCTION CORPORATION, Debtor.

**Joseph A. RIS, as Trustee of Colby Construction Corporation, Plaintiff,**

v.

**Joseph P. COPPOTELLI, Joseph Tribble, Louis A. Angeletti, Manhattan Equity Investors, Inc. and Manhattan Realty Management, Inc., Defendant.**

**Bankruptcy Nos. 85 B 10808, 86–5793A.**

United States Bankruptcy Court, S.D. New York.

July 10, 1987.

Ballon Stoll & Itzler by Sheldon Lustigman, New York City, for defendant Coppotelli.

Dreyer & Traub by Edward Tillinghast, New York City, for trustee.

HOWARD C. BUSCHMAN, III, Bankruptcy Judge.

Joseph A. Ris, Chapter 11 Trustee ("Trustee") of Colby Construction Corpora-

tion ("Colby"), by his attorneys, Dreyer & Traub, filed a complaint (the "Complaint") on November 19, 1986 against, *inter alia*, Joseph P. Coppotelli ("Coppotelli") and Louis A. Angeletti ("Angeletti") (collectively Coppotelli and Angeletti are referred to as the "defendants") alleging, in part, wrongful diversion of monies from a trust fund established under the New York Lien Law and seeking an accounting from the defendants. On June 16, 1987 this Court disposed of all but one issue on the record at the hearing including the branch of the motion seeking to dismiss for abstention on the ground that the proceeding is not a core proceeding.[1] This decision concerns that portion of the defendants' motion asserting that Counts 23 to 25 fail to state a cause of action and should be dismissed.

The background facts to the Complaint are contained in this Court's opinion of July 15, 1985). *In re Colby Construction Corp.*, 51 B.R. 113 (Bankr.S.D.N.Y.1985). Familiarity with that decision is assumed. Briefly, Colby was a general contractor. Joseph Coppotelli is a 60% shareholder; Louis Angeletti owns the remaining 40% of the shares. Largely because of Coppotelli's mismanagement, this Court ordered the appointment of a trustee under 11 U.S.C. § 1104. In addition to certain claims for fraudulent transfer and for nonpayment of matured debts payable in certain sums (*see* 11 U.S.C. § 542(b)), the Complaint asserts a series of related causes of action. (*See e.g.*, *Pacor v. Higgins*, 743 F.2d 984 (3d Cir.1984); *Beebe International v. French*

*American Bank (In re Wedtech Corp.)*, 72 B.R. 313 (Bankr.S.D.N.Y.1987)). Among them are Counts 23 to 25 that are the subject of this decision.

Those counts allege that Colby, a general contractor, under Coppotelli's management employed subcontractors to renovate the interior of three buildings and was paid for the work performed. Rather than pay certain subcontractors in full, it is alleged that Colby's management depleted the received funds for other purposes. Moreover, it is further alleged that the funds received by Colby were trust funds under Article 3A of the New York Lien Law (the "Lien Law"). Article 3A imposed a duty on Colby to hold the funds in trust for the subcontractors. Therefore, Coppotelli and Angeletti as Colby's management assumed entire responsibility for fulfilling Colby's duties and obligations as trustee of these funds. *In re Colby Construction Corp.*, 51 B.R. at 116. Because they failed to keep books and records showing the receipt and disbursement of trust funds established under § 75(2) and (3) of the Lien Law, *see Id.* at 115, it is demanded that judgment be entered requiring Coppotelli and Angeletti account for and pay over to the Trustee the trust funds depleted by them.

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, incorporated by Rule 7012 Bankr.R. Proc., our task is to determine whether facts as pleaded set for a cause of action. The inquiry is not limited to the remedies sought in the Complaint; rather, it concen-

---

1. Adversary proceedings within the Bankruptcy Court's jurisdiction are either core or related. *See* 28 U.S.C. § 157. The branch of the motion seeking dismissal for lack of subject matter jurisdiction is premised on the assertion that if a proceeding is not a core proceeding it must be dismissed. Coppotelli Brief pp. 9–10, 19. That assertion failed to account for the jurisdiction vested in the Bankruptcy Courts to hear related proceedings as set forth in 28 U.S.C. § 157(c)(1). Since the moving party did not address the proposition of whether the proceedings were related, the motion had to be denied. Furthermore, it is well established that a suit on a pre-petition claim belonging to a debtor is at least a related proceeding. *T. Lesser v. A–Z Associates (In re Lion Capital Group)*, 46 B.R. 850, 860 (Bankr.S.D.N.Y.1985). Indeed, Coppotelli appears to conceed that the proceeding is

related (Coppotelli Brief at 10) and for those reasons the Court denied those branches of the motion on the record at the hearing. As to the branch of the motion seeking abstention, Coppotelli concedes that the mandatory abstention set forth in 28 U.S.C. § 1334(c)(1) is inapplicable. Coppotelli Brief at 26. As to discretionary abstention, this Court, unlike those cited by Coppotelli, has paid strict adherence to the United States Supreme Court's repeated cautions that discretionary abstention is to be ordered only in limited circumstances of which this is not one. *In re Martin-Trigona*, 35 B.R. 596 (Bankr.S.D.N.Y.1983). Admittedly, the workload of judges is increased, but we have the "unflagging" obligation to exercise the jurisdiction given us. *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

trates on the facts. *See Conley v. Gibson,* 355 U.S. 41, 45–46, 70 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957).

Here, defendants claim that the Complaint does not set forth allegations required by Article 3A of the Lien Law. Under Article 3A, a suit by a subcontractor demanding an accounting from a general contractor and its principals must be in the form of a class action suit. It is undisputed that § 77(1) of the Lien Law requires the suit to be brought representatively. *Truax & Hovey, Ltd. v. Grosso (In re Grosso),* 9 B.R. 815, 823 (Bankr.N.D.N.Y. 1981). But, not only those who are beneficiaries of the trust can institute the class action. Section 77(1) expressly provides that an action for diversion of the trust can be brought by the general contractor as trustee. The defendants claim that the Trustee (i) did not bring this suit in a representative form, (ii) was not a beneficiary of the trust, and (iii) was not a general contractor. It is further alleged that this action does not fall within the jurisdiction of the Bankruptcy Court. (Coppotelli Brief, pp. 20–21)

In response, the Trustee says that he represents all creditors and that, because of the massive commingling of funds and Colby's payment of trust funds to its subcontractors on account, it will be impossible to distribute any damages recovered from Coppotelli to the subcontractors as lien law beneficiaries. To this, it is added that the largest trust fund "claims" have been made against the last Colby jobs in progress when the petition was filed. But these Colby customers also provided the last funds which in many cases Coppotelli paid on account to Colby's then current subcontractors in order to keep them working on the remaining Colby jobs. It is thus argued that there are deficits in Colby trust accounts in excess of five million dollars and it will be impossible to unsnarl the web of commingling sufficiently for individual subcontractors to establish their position as lien law beneficiaries in any particular Colby trust. Moreover, it is said that Coppotelli's mismanagement of the Colby trust will require that eventual distribution of damages recovered from him will necessarily be governed by the principles applicable to the payment of unsecured creditor claims. Accordingly, the Trustee contends that Counts 23 to 25 assert claims for mismanagement and breach of fiduciary duty and avers that there are claims belonging to the estate.

## DISCUSSION

Section 70(1) and (2) of the Lien Law create a trust out of the funds received by a general contractor in connection with a contract to improve real property. N.Y. Lien Law § 70(1), (2) (McKinney 1966). The purpose of the trust is to safeguard funds paid for work of subcontractors by requiring that a contractor, here Colby, act as fiduciary of sums paid for such work. N.Y. Lien Law § 71(1) (McKinney (1966); *Ingalls Iron Works Co. v. Fehlhaber Corp.,* 337 F.Supp. 1085, 1089 (S.D.N.Y. 1972). Section 72 of the Lien Law makes any diversion of these sums a breach of trust. N.Y. Lien Law § 72(1) (McKinney 1966). Thus, if the alleged withdrawals were diversions, the subcontractors would have claims. Such claims differ from the claims that the Trustee might have against Coppotelli and Angeletti for damage caused to Colby by their mismanagement. Those claims, whatever they may be, belong to the corporation and now to the estate. *See McCandless v. Furlaud,* 296 U.S. 140, 161, 56 S.Ct. 41, 47, 80 L.E. 121 (1957).

■ But it is not at all clear that Counts 23–25 of the Complaint assert a cause of action belonging to the estate. Instead, it appears to seek an accounting for diversion of trust assets under Article 3A. There is no question that Article 3A permits a general contractor as trustee such as Colby to bring such a claim to restore the trust. But it is also well established that the trustee's suit under Article 3A must be brought in representative fashion. See *Beckerman v. Tummolo,* 63 A.D.2d 818, 406 N.Y.S.2d 398 (4th Dep't 1978). But since that procedural point is not fatal and can be cured, *In re Grosso,* 9 B.R. at 823, we turn to the question of whether a trust-

ee in bankruptcy for a general contractor may bring such a claim.

 In the analysis of that issue there is no dispute that a trustee under 11 U.S.C. § 541, succeeds to all of the causes of action belonging to the debtor. Nor is there any dispute that Congress had no intention of legislatively overruling *Caplin v. Marine Midland Grace Truste Co.*, 406 U.S. 416, 428, 92 S.Ct. 1678, 1685, 32 L.Ed.2d 195 (1972), and its holding that a trustee in bankruptcy lacks power to assert claims belonging solely to creditors. *Mixon v. Anderson (In re Ozark Restaurant Co. Inc.)*, 816 F.2d 1222, 1227–1230 (8th Cir.1987). This case lies in the middle for state law affords the general contractor the right to assert trust diversion claims to restore the trust established by law for the benefit of its subcontractors. Therefore, this right should arguably pass on to a trustee in bankruptcy under 11 U.S.C. § 541.

But the right of a general contractor to recover diverted trust assets has been further characterized by state law to be only a power exercisable only for the benefit of subcontractors. *Beckerman*, 63 A.D.2d at 818, 406 N.Y.S.2d at 399. That right is not subject to garnishment by a creditor of the general contractor. New York Lien Law § 72(2). Thus, the *Beckerman* court held that under the former Bankruptcy Act a trustee in bankruptcy could not pursue the claim.

Not to the contrary is *Collomb v. Wyatt (In re Wyatt)*, 6 B.R. 947 (Bankr.E.D.N.Y. 1980) upon which the trustee relies. There it was held that where a debtor holds property upon which a constructive trust was imposed pre-petition, the estate has legal title to that property. *See* 11 U.S.C. § 541(d). In contrast, § 541(b) of the Bankruptcy Code provides that property of the estate does not include "any power that the estate may exercise solely for the benefit of any entity other than the debtor." The ability of a general contractor to bring an action solely for the benefit of subcontractors appears to be nothing more than that. In this respect it cannot be said that the Bankruptcy Code effectively overturned *Beckerman*.

We thus hold that Counts 23 to 25 of the Complaint must be dismissed but with leave to amend to assert the claims the Trustee may have, if any, only on behalf of the estate against Coppotelli and Angeletti arising from their diversion of trust assets.

SETTLE ORDER.